MR. FIREWORKS, INC., APPELLEE, *v.* CITY OF DAYTON ET AL., APPELLANTS.

(No. CA 10795—Decided June 3, 1988.)

*Baker & Hostetler, Daniel G. Hale* and *Robert M. Kincaid, Jr.,* for appellee.

*J. Anthony Sawyer,* director of law, *Arthur W. Harmon, Jr.* and *Steven R. Milby,* for appellants.

WOLFF, J. City of Dayton law enforcement personnel asked United Dairy Farmers stores to remove from their shelves all "sparklers" and "novelty and trick noisemakers," or the city would cite the stores for violation of Dayton R.C.G.O. Section 92.01 *et seq.,* the Dayton Unified Fire Code. The plaintiff, Mr. Fireworks, Inc. ("Mr. Fireworks") is an Indiana corporation engaged in the wholesale distribution and retail sale of sparklers and noisemakers, and was the supplier of these items to the United Dairy Farmers stores.

On June 12, 1987, the plaintiff filed a complaint for declaratory judgment and injunctive relief against the city, its fire chief and its police chief. The plaintiff sought a determination by the court that Dayton R.C.G.O. Section 92.01 is unconstitutional as being in conflict with R.C. Chapter 3743. A motion for a temporary restraining order was also filed on June 12, 1987.

On June 12, 1987, a hearing was held in common pleas court on the motion for a temporary restraining order. On June 15, 1987, the court granted the motion for a temporary restraining order.

Mr. Fireworks filed a motion for a

preliminary injunction on June 26, 1987. A hearing on the motion was held on June 29, 1987. The court granted the preliminary injunction on July 8, 1987.

The trial court granted a declaratory judgment in favor of Mr. Fireworks on January 5, 1988. The city filed its notice of appeal on January 14, 1988. The assignment of error is as follows:

"The trial court erred as a matter of law in its order finding Article 27 of the BOCA Basic/National Fire Prevention Code as adopted by § 92.01 of the Revised Code of General Ordinances of the City of Dayton, to be unconstitutional and invalid insofar as it prohibits or regulates the sale of sparklers and novelty and trick noisemakers as those terms are defined in Chapter 3743 of the Ohio Revised Code."

The trial court ruled that R.C.G.O. Section 92.01 was in conflict with the general laws, and was therefore unconstitutional under Section 3, Article XVIII of the Ohio Constitution, which provides:

"Municipalities shall have authority to exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws."

We reverse.

This case is concerned with the interplay of R.C. Chapter 3743 and the city of Dayton's Unified Fire Code, contained in R.C.G.O. Section 92.01 *et seq.* The specific issue in this case is whether the city can prohibit the sale of certain items as fireworks, where the state statutes do not include these items in the definition of "fireworks."

The pertinent sections of R.C. Chapter 3743 are R.C. 3743.01 and 3743.80. R.C. 3743.01 provides in pertinent part:

"As used in this chapter:

"* * *

"(F) 'Fireworks' means any composition or device prepared for the purpose of producing a visible or an audible effect by combustion, deflagration, or detonation, except ordinary matches *and except as provided in section 3743.80 of the Revised Code.*

"* * *

"(Q) 'Novelties and trick noisemakers' include the following items:

"(1) Devices that produce a small report intended to surprise the user, including, but not limited to, booby traps, cigarette loads, party poppers, and snappers;

"(2) Snakes or glow worms;

"(3) Smoke devices;

"(4) Trick matches." (Emphasis added.)

R.C. 3743.80 provides in pertinent part:

"This chapter *does not prohibit or apply to the following:*

"* * *

"(F) The manufacture, sale, possession, transportation, storage, or use of novelties and trick noisemakers, auto burglar alarms, or model rockets and model rocket motors designed, sold, and used for the purpose of propelling recoverable aero models;

"(G) The manufacture, sale, possession, transportation, storage, or use of sparklers on a wire stick, as this term is defined in the regulations of the United States department of transportation."

The city's Unified Fire Code Section 92.01 states in part as follows:

"(A) Adoption by reference. The 'BOCA Basic/National Fire Prevention Code,' being particularly the 1984 edition thereof, is hereby adopted by reference and made a part of this chapter with the same force and effect as though set out in full herein. No change in the Code shall be effective in the city unless preceded by an amend-

ment of this chapter recognizing such change."

The specific part of the BOCA Code at issue in this case is Article 27, entitled "Fireworks." This article states that no one can manufacture, sell, discharge, or explode any fireworks without a permit. Section F-2700.4 defines "fireworks" in the following manner:

"Fireworks shall mean and include any combustible or explosive composition, or any substance or combination of substances, or article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include * * * the type of balloons which require fire underneath to propel the same, * * * sparklers or other devices of like construction and any device containing any explosive or flammable compound, or any tablets or other devices containing any explosive substance * * *."

Mr. Fireworks sought injunctive relief on two grounds. The first argument advanced is that the state has preempted the field concerning fireworks, by the enactment of the rather extensive provisions in R.C. Chapter 3743. In support of this argument, Mr. Fireworks points to Section 1301:7-7-27 of the Ohio Administrative Code promulgated under R.C. Chapter 3743 by the Department of Commerce, Division of State Fire Marshal. This section states:

"(A) 'Article 27' of the 'BOCA Basic Fire Prevention Code' is not adopted for use in Ohio. The manufacture, storage, handling and use of fireworks and explosives are regulated under Chapter 3743 of the Revised Code, enforced by the Ohio department of industrial relations, division of factory and building inspection."

While the July 1987 Ohio Monthly Record contains a revised Section 1301:7-7-27, effective 7-11-87, that part of the section referring to Article 27 of the Basic Fire Prevention Code of Building Officials and Code Administrators International, Inc. ("BOCA") has not changed.

The plaintiff's second argument is closely related to the first. The contention is that because the state has enacted such an all-encompassing statute regulating fireworks, the city's ordinances on the same subject unconstitutionally conflict with the general laws.

The trial court specifically adopted the reasoning used by the court in the case of *Dayton* v. *Stearns* (1971), 26 Ohio Misc. 115, 55 O.O. 2d 194, 267 N.E. 2d 328. In that case, Judge Rice was faced with a conflict between a state statute which concerned the licensing of used car sellers, and a Dayton ordinance which also provided licensing requirements for sellers of used cars. Judge Rice quoted paragraph two of the syllabus of *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, 140 N.E. 515:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

Judge Rice concluded that the ordinance before him did conflict with the state law, and thereby ruled the ordinance unconstitutional.

The case before us is distinguishable from *Stearns*. In this case, the items in question, sparklers and novelty noisemakers, are specifically excluded from the definition of "fireworks" in R.C. 3743.01. In addition, R.C. 3743.80, the exemption statute, states that: "This chapter *does not prohibit or apply to* the following: * * *." We disagree with the plaintiff's argument that the phrase "does not prohibit" has the same meaning as "permit." In

other words, we believe that the legislature made a decision not to address these particular items. This interpretation is supported by the clause "or apply to." This appears to us to evince a legislative intent not to include sparklers and novelty noisemakers within the control of the statute *at all.* This is further supported by R.C. 3743.01 which defines those items sought to be regulated by R.C. Chapter 3743. Since sparklers and noisemakers are not "fireworks," as that term is used in the Revised Code, the chapter does not apply to them. We believe that the legislature's choice of the language used in R.C. 3743.80 was designed to allow local municipalities some flexibility in what kinds of fireworks they would desire to regulate. We also note that, under R.C. 3737.82, the state fire marshal has the duty to "* * * adopt a state fire code which shall consist of rules relating to all aspects of fire safety. The rules shall be the *minimum standards* for safeguarding life and property from fire and explosion * * *." (Emphasis added.) Under the Revised Code, then, the state fire code is the *minimum standard* of safety required. It is clear that a municipality can enact a *stricter code* in certain instances where there is no conflict, as that term has been explained in *Sokol* and *Stearns, supra.* In this case, the legislature took a "hands-off" approach to sparklers and novelty noisemakers. The city, therefore, could regulate these items without violating Section 3 of Article XVIII.

The assignment of error is found to be well-taken. The declaratory judgment will be reversed, and the order enjoining the city from enforcing Section 92.01 will be dissolved.

*Judgment reversed.*

WILSON and FAIN, JJ., concur.